COURT OF APPEALS
DECISION
DATED AND FILED

**November 17, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.   **2022AP1352**
**2022AP1353**
**2022AP1354**
**2022AP1355**

Cir. Ct. Nos.  2021TP5
2021TP6
2021TP7
2021TP8

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

NO. **2022AP1352**

IN THE INTEREST OF R.Z., A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

S. Z.,

RESPONDENT-APPELLANT,

C. Z.,

RESPONDENT.

## No. 2022AP1353

IN THE INTEREST OF R.Z., A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

S. Z.,

    RESPONDENT-APPELLANT,

C. Z.,

    RESPONDENT.

## No. 2022AP1354

IN THE INTEREST OF C.Z., JR., A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

S. Z.,

    RESPONDENT-APPELLANT,

C. Z.,

    RESPONDENT.

No. 2022AP1355

IN THE INTEREST OF J.Z., A PERSON UNDER THE AGE OF 18:

PORTAGE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,

PETITIONER-RESPONDENT,

V.

S. Z.,

RESPONDENT-APPELLANT,

C. Z.,

RESPONDENT.

APPEALS from orders of the circuit court for Portage County: THOMAS T. FLUGAUR, Judge. *Affirmed*.

¶1 BLANCHARD, P.J.[1] S.Z. appeals the circuit court's orders terminating her parental rights to the four children named in the caption on the petition of the Portage County Department of Health and Human Services (the County). S.Z. challenges the circuit court's grant of summary judgment in favor of the County finding S.Z. unfit as a parent under WIS. STAT. § 48.415(4), *i.e.*, on

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

These appeals were consolidated for briefing and disposition by an August 12, 2022 order pursuant to WIS. STAT. RULE 809.10(3).

the ground that more than one year had passed since a circuit court order denied visitation to S.Z. for each of the children, without the order being modified to permit visitation. S.Z. specifically contends that she submitted an affidavit to the circuit court that raised a genuine issue of material fact as to whether § 48.415(4) is unconstitutional as applied to her. S.Z. also argues that the circuit court erroneously exercised its discretion during the dispositional phase in terminating her parental rights. I reject S.Z.'s arguments and affirm.[2]

## BACKGROUND

¶2     In July 2021, the County petitioned for the termination of S.Z.'s parental rights to the children and also petitioned for termination of the parental rights of the children's father, C.Z. As to each child, for each parent, the County alleged the existence of two grounds for the termination of parental rights: that there was a continuing need of protection or services under WIS. STAT. § 48.415(2) and that there was a continuing denial of visitation under § 48.415(4).[3]

---

[2] This court recently issued a separate opinion resolving the consolidated appeals regarding the parental rights of the father of the same children, C.Z., affirming the termination of C.Z.'s parental rights as to each child, contained in the same orders of the circuit court that S.Z. now appeals. *See* ***Portage Cnty. DH&HS v. C.Z.***, 2022AP1249-1252, unpublished slip op. (Nov. 3, 2022).

[3] The sole ground for termination of parental rights that is pertinent to this appeal, WIS. STAT. § 48.415(4), provides:

(4) CONTINUING DENIAL OF PERIODS OF PHYSICAL PLACEMENT OR VISITATION. Continuing denial of periods of physical placement or visitation, which shall be established by proving all of the following:

(continued)

The latter ground was based on circuit court orders entered as part of child in need of protective services (CHIPS) proceedings for each child, held in 2019 and 2020.

¶3     Also in July 2021, the County filed a motion for summary judgment on the ground that the County had established that S.Z. was unfit under the denial of visitation ground in WIS. STAT. § 48.415(4).  As described in discussion below, S.Z. and C.Z. filed affidavits in response to the County's motion.  The circuit court granted the motion for summary judgment.  Based on this ruling, the consolidated cases proceeded to the dispositional phase.

¶4     The circuit court held a dispositional hearing in April 2022. Testifying witnesses included S.Z. and a social worker who was assigned to the children during the CHIPS proceedings.  At the conclusion of the hearing, the court terminated S.Z.'s parental rights as to each child.  S.Z. appeals.

## DISCUSSION

¶5     After providing pertinent standards of review, I explain why I reach the merits of S.Z.'s argument that the circuit court erred in granting summary

---

**(a)** That the parent has been denied periods of physical placement by court order in an action affecting the family or has been denied visitation under an order under[, pertinent here, WIS. STAT. § 48.363] containing the notice required by [WIS. STAT. §] 48.356(2) ….

**(b)** That at least one year has elapsed since the order denying periods of physical placement or visitation was issued and the court has not subsequently modified its order so as to permit periods of physical placement or visitation.

*See also* § 48.363 ("Revision of dispositional orders").

5

judgment regarding her parental fitness—despite the failure of either S.Z. or C.Z. to raise the issue in the circuit court. Then I address the merits of both issues raised by S.Z. in this appeal.

¶6 Involuntary termination of parental rights cases follow a "two-part statutory procedure." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. Pertinent here, "[i]n the first, or 'grounds' phase of the proceeding, the petitioner must prove by clear and convincing evidence that one or more of the statutorily enumerated grounds for termination of parental rights exist." *Id.*; WIS. STAT. § 48.31(1). Our supreme court has held that in some circumstances the grounds phase can be disposed of through summary judgment, under the standards established in WIS. STAT. § 802.08. *Steven V.*, 271 Wis. 2d 1, ¶¶4-5, 37-39. I review the grant of summary judgment de novo. *See Oneida Cnty. Dep't of Social Servs. v. Nicole W.*, 2007 WI 30, ¶8, 299 Wis. 2d 637, 728 N.W.2d 652. "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing § 802.08(2)).

¶7 On the merits, S.Z. challenges the constitutionality of a statute, which is an issue of law. *See State v. McGuire*, 2010 WI 91, ¶25, 328 Wis. 2d 289, 786 N.W.2d 227.

¶8 In the second, "dispositional phase, the court is called upon to decide whether it is in the best interest of the child that the parent's rights be permanently extinguished." *Steven V.*, 271 Wis. 2d 1, ¶27 (citing WIS. STAT. § 48.426(2)). I review the circuit court's disposition of a termination of parental rights case for an erroneous exercise of discretion. *See Gerald O. v. Cindy R.*, 203 Wis. 2d 148,

152, 551 N.W.2d 855 (Ct. App. 1996). "The [circuit] court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach." *Id.*

### I. Potential Forfeiture

¶9      S.Z.'s argument for reversing the grant of summary judgment is the following: the CHIPS orders denying visitation to S.Z. did not generally provide a sufficient "mechanism for reinstating visits" and, more specifically, compliance with one of the conditions for reinstatement "appears virtually impossible for S.Z." Before addressing the merits of this argument further below, I note that it was not presented to the circuit court, but I explain why I decline to reject S.Z.'s argument on that basis. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 (arguments not preserved in the circuit court generally not considered on appeal, which can include even alleged constitutional errors); *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶17, 273 Wis. 2d 76, 681 N.W.2d 190 (forfeiture of unpreserved arguments can be disregarded and merits addressed "in exceptional cases").

¶10      The following is additional pertinent background. Simultaneously with its commencement of this action in July 2021 the County moved for summary judgment. As part of the motion, the County submitted the affidavits of the social worker assigned to work with the children, which included the following averments:

- In October 2019, as part of the underlying CHIPS proceedings for the children, the circuit court entered dispositional orders placing the children outside of C.Z.'s home.

7

- On May 22, 2020, the court granted the County's request to revise the dispositional orders to deny C.Z. visitation with the children and setting "conditions and services for [the parents] to comply with" before they could "resume visitation."

- The May 2020 order denying visitation remained the order of the court as of the time of the County's filing in this action, and the order had not been modified to allow visitation. That is, more than one year had passed since the order denying visitation had been issued without its being modified to allow visitation.

Attached to the affidavits were copies of the pertinent circuit court orders, including the list of conditions that S.Z. would have to satisfy before she would be permitted renewed visitation with the children.

¶11 Both C.Z. and S.Z. submitted affidavits in response to the County's motion. S.Z. averred that she had "made a good faith effort to comply with the conditions set forth in the order of May 22, 2020, but failure of the [County's] personnel to provide proper assistance was the cause of such failure." C.Z.'s affidavit made several averments that could be reasonably construed to allege that: (1) he complied with certain conditions of reinstating visitation (*e.g.*, that he "attended therapy"); (2) before potential grounds for the termination of parental rights had arisen, County personnel had already committed themselves to the predetermined outcome that the children should be adopted into new families (*e.g.*, the social worker allegedly told C.Z. that "she was not going to give the kids back"); and relatedly, (3) C.Z. was at times unable to reach County personnel by phone or reach the children for scheduled phone calls.

¶12 The circuit court observed that, when viewed in the light most favorable to S.Z., the averments in the affidavits of S.Z. and C.Z. "would seem to raise … factual issues" regarding whether S.Z. "made good faith efforts to comply

8

with the conditions imposed in the [o]rder denying placement or visitation but [she was] stymied from doing so by the [County]." However, the court also expressed the view that it was prohibited under **Steven V.** from inquiring into how the requirements of WIS. STAT. § 48.415(4)(b) had been met—that is, prohibited from inquiring into the reasons S.Z. had been unable to obtain modifications of the orders denying visitation. *See* **Steven V.**, 271 Wis. 2d 1, ¶48 n.8 ("denial of physical placement and visitation by court order for more than one year pursuant to … § 48.415(4)[ ]does not provide for a defense based upon a parent's explanation for noncompliance with the court order"). Further, the court observed that neither parent argued that the orders denying visitation "operated to restrict or restrain the parent[s'] right to seek modification or reinstate their visitation" nor did the parents argue that they were unaware that they had the right to pursue modification "irrespective of the [County's] opinion respecting compliance with" conditions for reinstatement.

¶13     S.Z.'s brief in opposition to summary judgment asserted that there was a factual dispute as to whether the parents had satisfied the conditions for the reinstatement of visitation and that delay in the satisfaction of those conditions "was caused by the direct failure of [the County's] personnel to properly assist" S.Z. However, S.Z.'s brief did not cite any legal authority. Thus, as discussed in this court's decision in **C.Z.**, neither party cited **Dane Cnty. DHS v. P.P.**, 2005 WI 32, 279 Wis. 2d 169, 694 N.W.2d 344, which clarifies that **Steven V.** does not "foreclose[] the possibility of an as-applied substantive due process challenge to [WIS. STAT.] § 48.415(4)." *See* **P.P.**, 279 Wis. 2d 169, ¶25 n.6 (rejecting proposition that there is no defense § 48.415(4) based on a parent's explanation for

noncompliance with the order denying visitation); ***Portage Cnty. DH&HS v. C.Z.***, 2022AP1249-1252, ¶¶13-14, unpublished slip op. (WI App Nov. 3, 2022).

¶14    Further pertinent to S.Z.'s argument on appeal was another opinion that neither party here cited to the circuit court, ***Kenosha Cnty. DHS v. Jodie W.***, 2006 WI 93, 293 Wis. 2d 530, 716 N.W.2d 845.  In that case, our supreme court held that WIS. STAT. § 48.415(2)—the ground of parental unfitness based on a child in "continuing need of protection and services"—was unconstitutional as applied to the parent on substantive due process grounds.  *See **Jodie W.***, 293 Wis. 2d 530, ¶55.  The court specifically concluded that the conditions for return set in the CHIPS order at issue in that case, along with "the circuit court's evaluation of [the parent's] failure to meet these conditions[,] were not," as is constitutionally required, "narrowly tailored" to the State's compelling interest in protecting children from unfit parents.  ***Id.***  It was improper for the circuit court in that case to have "deemed [the parent] unfit solely by virtue of her status as an incarcerated person without regard for her actual parenting activities or the condition of her child, in violation of … § 48.415(2), and [the parent's] substantive due process rights." ***Jodie W.***, 293 Wis. 2d 530, ¶55.

¶15    S.Z. does not acknowledge the failures of the parties to cite ***P.P.*** or ***Jodie W.*** to the circuit court.  She also does not attempt to explain why this court should decline to apply forfeiture to her argument for reversing summary judgment.  Nor does she frame the issue in terms of ineffective assistance of counsel (though I note that no such argument was developed before the circuit court).  *See **A.S. v. State***, 168 Wis. 2d 995, 1004, 485 N.W.2d 52 (1992) (parents in termination of parental rights proceedings have right to effective assistance of counsel); ***State v. Counihan***, 2020 WI 12, ¶28, 390 Wis. 2d 172, 938 N.W.2d 530

("Generally, if a claim is forfeited, we address that claim in the context of ineffective assistance of counsel"; "the defendant must demonstrate that counsel's failure to object constituted deficient performance and that such deficient performance prejudiced the defendant.").

¶16    However, as in *C.Z.*, I conclude here that several factors counsel against applying the forfeiture rule. *See C.Z.*, 2022AP1249-1252, ¶¶15-18. First, the County does not make a forfeiture argument based on S.Z.'s failure to raise in the circuit court a supported argument on the summary judgment issue. Second, the issues raised in this case present legal questions, briefed by the parties, with factual issues being resolved under the standard summary judgment methodology in favor of S.Z. *Estate of Miller v. Storey*, 2017 WI 99, ¶67, 378 Wis. 2d 358, 903 N.W.2d 759 (appellate court has discretion to consider issues not preserved in circuit court under such conditions); *see Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2006 WI 67, ¶19, 291 Wis. 2d 259, 715 N.W.2d 620.

## II.  Summary Judgment Regarding Denial Of Visitation

¶17    S.Z. argues that there is a genuine issue of material fact as to whether the application of WIS. STAT. § 48.415(4) to her was unconstitutional on substantive due process grounds. To repeat, S.Z. contends that this is because the CHIPS orders denying her visitation did not provide a sufficient "mechanism for reinstating visits" and that compliance with one of the conditions for reinstatement "appears virtually impossible" for her.

¶18    In the pertinent orders in the CHIPS proceedings, the circuit court stated that the conditions previously ordered by the court "remain in full effect," but revised its earlier orders in the following manner:

11

> [C.Z.] and [S.Z.]'s visits with their children are suspended until further ordered by the court. The conditions for [C.Z.] and [S.Z.] to complete to have their visitations reinstated are hereby attached to this order. Upon the conditions being met, the [County] shall motion the court to reinstate the parent(s) visits.

The list of conditions attached to the orders began with the following introductory language: "Visits shall be reinstated at the discretion of the child's therapist, as well as the completion of the following conditions." One of the "conditions" stated that, "at the approval of [S.Z.]'s therapist and the children's therapist, in[-]person visitation can resume."

¶19 S.Z. asserts that the delegation to the County and to the children's therapist the power to determine when conditions were satisfied and when visitation could resume rendered the conditions "virtually impossible" to satisfy.[4] This argument is not well explained. S.Z. apparently intends to argue that these delegations of authority allowed the County to establish S.Z.'s unfitness under WIS. STAT. § 48.415(4) "based on the whims of [County personnel] or the children's therapist" and not, as S.Z. implies, based on S.Z.'s actual efforts to comply with the conditions. S.Z. attempts to analogize this delegation of authority to the condition of return at issue in *Jodie W.* There, our supreme court reasoned that a condition of return that the parent "obtain a suitable residence" as "impossible" to meet, because the parent "could not … present any evidence that

---

[4] As S.Z. frames the issue, the pertinent conditions for the reinstatement of visitation involved a single "children's therapist," though it is not clear from her argument or references she makes to the record whether each of the children in fact had the same therapist. The discussion in the text assumes without deciding that the children shared a single therapist. As for S.Z.'s therapist, S.Z. fails to incorporate into her argument consideration of her therapist's role; accordingly, I ignore that aspect of the order.

she might be released" from confinement within the time necessary to satisfy the conditions at issue.[5]  *See Jodie W.*, 293 Wis. 2d 530, ¶¶3, 7-8, 10.

¶20    Significantly, however, as the basis for her "impossibility" argument about delegation to the County and the children's therapist, S.Z.'s initial brief relies exclusively on the text of the CHIPS orders and the attached list of conditions.  S.Z. essentially argues that the CHIPS orders and the attached list of conditions could not be satisfied under any circumstances.  But I agree with the County that nothing in the text of the orders or the attached list of conditions established that the conditions were necessarily impossible to satisfy, as was the case involving the confinement circumstance in *Jodie W.*  Moreover, after the County develops a legally supported argument that the delegation to the therapist and County personnel of the determination as to whether certain conditions were met did not render the conditions impossible for S.Z. to satisfy, S.Z. makes no argument in her reply brief based on any alleged facial impossibility regarding any condition.  This concedes the point.  *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (lack of response may be taken as a concession).

---

[5] I do not understand S.Z. to make the following argument:  the language of the CHIPS orders obligating the County to move for reinstatement of visitation when the conditions were met violated a constitutional or statutory right of S.Z. to make her own motion to reinstate visitation or motion to amend the conditions for reinstatement.  In other words, S.Z. does not argue that the language of the CHIPS orders or attached list of conditions purported to give the County the exclusive ability to move for further revisions, as might be contrary to WIS. STAT. § 48.363(1)(a) (permitting "the child's parent" to "request a revision" of a dispositional CHIPS order).  More specifically, she does not contend that the order or the conditions prohibited her from arguing to the CHIPS court that the conditions were unreasonable.

13

¶21 Put differently, S.Z.'s "impossibility" argument fails for at least the reason that, while her initial brief merely implies that the way that the County or the children's therapist *executed* their authority under the CHIPS orders deprived S.Z. any realistic opportunity to meet the conditions, she makes no effort to develop a record-based argument that County personnel or the therapist carried out their duties in a manner that deprived her of a realistic opportunity. For at least this reason, the analogy to the reasoning in *Jodie W.* breaks down—nothing in this case serves the role of the incarceration in *Jodie W.*

¶22 For the first time in her reply brief, S.Z. points to averments in her summary judgment affidavit and, based on these averments, implies an argument that the conditions for reinstating visitation were impossible for her to satisfy *as applied to S.Z.* by County personnel. However, putting aside the sparse content of the affidavit, this argument comes too late. In waiting until the reply to offer an argument based on the summary judgment record, S.Z. deprives the County of the opportunity to respond the argument. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).

¶23 Further, I question whether S.Z.'s reply brief develops an argument based on a pertinent principle of law that she applies to facts in the summary judgment record, with a result that identifies a material issue of fact which could rebut the County's otherwise straightforward prima facie case for applying WIS. STAT. § 48.415(4). Although my review of the County's motion is de novo, I would have to abandon my neutrality to attempt to fill this gap in S.Z.'s argument. *See Racine Cnty. DHS v. S.M.F.*, 2019AP2346-2347, unpublished slip op., ¶9 (WI App July 15, 2020) (citing *Industrial Risk Insurers v. American Eng'g*

14

*Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties.)).

¶24    S.Z. does not dispute that, if I reject any argument based on an as-applied substantive due process challenge, the elements for termination of parental rights under WIS. STAT. § 48.415(4) are met.  The undisputed averments of the social worker along with the attached circuit court orders, noted above, meet all necessary requirements.  In May 2020, as part of the CHIPS proceedings, the circuit court issued revised disposition orders under WIS. STAT. § 48.363 that denied S.Z. visitation to each child and these orders contained notices under WIS. STAT. § 48.356(2).  *See* § 48.415(4)(a).  By the time the County petitioned for the termination of parental rights in July 2021, more than one year had passed without the CHIPS orders being modified to permit visitation.  *See* § 48.415(4)(b).  Accordingly, I affirm summary judgment on the unfitness ground established by the County.

### III.  Best Interests Of The Children In Disposition

¶25    S.Z. argues that the circuit court erroneously exercised its discretion in terminating her parental rights in the dispositional phase.  This argument lacks merit.

¶26    The "prevailing factor" in determining whether to terminate parental rights in the disposition phase is "the best interests of the child."  WIS. STAT.

§ 48.426(2). As part of this determination, the court must consider the factors relevant to the best interests of the children provided for in § 48.426(3).[6]

¶27 S.Z. contends that the circuit court did not "sufficiently account for" testimony given by S.Z. regarding her love for her children, her desire to see them returned to her, and "the efforts being made by S.Z. to improve her circumstances." More broadly, S.Z. asserts that the circuit court did not have "support [in the] record for the … finding that it was in the children's best interest that [S.Z.'s] parental rights be terminated." She does not focus on whether the court failed to adequately apply any particular factor under WIS. STAT. § 48.426.

---

[6] WISCONSIN STAT. § 48.426(3) provides:

> In considering the best interests of the child under this section the court shall consider but not be limited to the following:
>
> **(a)** The likelihood of the child's adoption after termination.
>
> **(b)** The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> **(c)** Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> **(d)** The wishes of the child.
>
> **(e)** The duration of the separation of the parent from the child.
>
> **(f)** Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

*See **Sheboygan Cnty. DH&HS v. Julie A.B.***, 2002 WI 95, ¶30, 255 Wis. 2d 170, 648 N.W.2d 402 (circuit court "should explain the basis for its disposition, on the record, by alluding specifically to the factors in … § 48.426(3)"). Instead, S.Z. generally questions the court's weighing of the evidence.

¶28    I reject this argument because it consists of conclusory assertions regarding the circuit court's weighing of evidence and fails to engage with the court's reasoning or the record that was before the court. It is fatal to S.Z.'s argument that she does not attempt to address all of the testimony given at the dispositional hearing that was relevant to the court's analysis of the factors under WIS. STAT. § 48.426(3). In addition, S.Z. fails even to attempt to account for the deference this court gives to the circuit court as the factfinder who weighs the evidence, which typically allows the court to reasonably reach varied findings of fact. *See **Gerald O.***, 203 Wis. 2d at 152-53 ("The [circuit] court's findings of fact will not be set aside unless clearly erroneous." (citing WIS. STAT. § 805.17(2))).

## CONCLUSION

¶29    For all of these reasons, I affirm the orders of the circuit court terminating S.Z.'s parental rights to the above-named children.

*By the Court*.—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

17